UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

        Plaintiff,

v.                                             Case No. 12-CR-20276
                                                     Honorable Thomas L. Ludington

DANIEL MAURICE DARBY, III,

        Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR TERMINATION OF SUPERVISED RELEASE**

Defendant, Daniel Maurice Darby, III pled guilty to one count of possession with intent to distribute cocaine base, and on September 11, 2012, he was sentenced to 46 months incarceration[1] and six years of supervised release. ECF No. 15.

On January 8, 2021 Defendant filed a motion for early termination of supervised release. ECF No. 39. On January 21, 2021, Plaintiff (the "Government") responded. ECF No. 41.

**I.**

When imposing a sentence, a court may include a term of supervised release after imprisonment. 18 U.S.C. § 3583(a). The court may also later terminate the supervised release. 18 U.S.C. § 3583(e). The statute provides,

> (e) The court may, after considering the factors set forth in section 3553(a) . . . .
>> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

The factors from 18 U.S.C. 3553(a) that the Court must consider include

---

[1] This was later reduced to 35 months incarceration. ECF No. 21.

> (1) history and characteristics of the defendant;
> (2) the need for the sentence imposed— . . .
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; . . .
>
> (4) the kinds of sentence and the sentencing range established for—
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the [Sentencing] guidelines— . . . or
>> (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code . . .
>
> (5) any pertinent policy statement—
>> (A) issued by the Sentencing Commission . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

Federal Rule of Criminal Procedure 32.1(c) provides that, "before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has a right to counsel and an opportunity to make a statement and present any information in mitigation." A hearing is not required, however, if:

> (A) the person waives the hearing; or
> (B) the relief sought is favorable to the person and does not extend the term of probation or supervised release; and
> (C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so.

*Id.*

## II.

Here, the relief sought is favorable to the Defendant, and the government indicated that they have no objection to the request. Accordingly, the motion will be decided based on the papers. *See* Fed. R. Crim. P. 32.1(c)(2).

Defendant explains that he began his term of supervised release on July 31, 2015. ECF No. 39. He also states that he "is gainfully employed, has a stable home, and has immersed himself in an environment in which recidivism is highly unlikely." *Id.* at PageID.105.

Defendant has completed 65 of 72 months of supervised release. On March 9, 2020 a supervised release summons was issued for Defendant, but the probation department later recommended disposal of the violation matter due to Defendant's compliance with his terms of supervision. ECF No. 40. Defendant has no outstanding warrants or new arrests. The Government also indicates that Defendant's Probation Officer believes "he is no longer in need of supervision," and "has no objection to early termination of defendant's supervised release." ECF No. 41 at PageID.109–10.

Defendant has demonstrated to the satisfaction of his probation officer and without objection by the Government that he can be successful on supervised release. Additionally, Defendant has successfully completed over 90% of his term of supervised release. Considering the facts discussed above and the factors set forth in section 3553(a)(1)-(7), the Court is satisfied that the conduct of the Defendant and the interest of justice warrant early termination of Defendant's supervised release. *See* 18 U.S.C. § 3583(e)(1).

### III.

Accordingly, it is **ORDERED** that Defendant's Motion for Early Termination of Supervised Release, ECF No. 39, is **GRANTED**.

Dated: January 28, 2021          s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge